UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

CHARLES JUDSON HOLBROOK,

    Petitioner,    Case No. 1:21-cv-578

v.            Honorable Ray Kent

BECKY CARL,

    Respondent.
_____ /

### ORDER OF TRANSFER
### TO SIXTH CIRCUIT COURT OF APPEALS

    This is a petition seeking release of a state prisoner pursuant to a claim that no crime was committed and that there is no evidence of any crime. Petitioner is incarcerated with the Michigan Department of Corrections at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Following a Kent County Circuit Court jury trial, Petitioner was convicted of two counts of producing child sexually abusive material, Mich. Comp. Laws § 750.145c(2), two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), two counts of possessing child sexually abusive material, Mich. Comp. Laws § 750.145c(4), accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. On June 1, 2010, he was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent terms of 15 to 40 years' imprisonment for producing child sexually abusive materials and allowing a child to engage in sexually abusive activity, concurrent terms of 2 years and 10 months to 8 years' imprisonment for possessing child sexually abusive materials and accosting a child for immoral

purposes, and a concurrent term of 2 years and 10 months to 10 years for the felon-in-possession conviction.

Petitioner's request for relief challenges the grounds for his convictions and, at least implicitly, seeks release from custody. That relief is available from this Court only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 868 (6th Cir. 2020) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Moreover, because Petitioner is in custody pursuant to the judgment of a state court, he must satisfy the requirements of 28 U.S.C. § 2254.

This is not Petitioner's first habeas corpus action challenging his convictions and sentences. Petitioner has filed dozens of habeas petitions in the Michigan federal courts since he was convicted. Moreover, within many of the listed cases, he has filed new petitions or motions for reconsideration that are effectively new petitions. Petitioner's current submission is not prompted by new evidence or new law; he simply claims that he is imprisoned despite the state's failure to present any evidence of any crime.

In *Holbrook v. Rapelje*, 2:13-cv-13137 (E.D. Mich.), and *Holbrook v. Bauman*, 2:15-cv-131 (W.D. Mich.), Petitioner's habeas petitions were denied on the merits after the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). Petitioner's current petition is, therefore, subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A

successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15–17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132–33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner's previous habeas actions of *Holbrook v. Rapelje*, 2:13-cv-13137 (E.D. Mich.), and *Holbrook v. Bauman*, 2:15-cv-131 (W.D. Mich.), were dismissed on the merits; thus, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001)

(circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:   July 19, 2021                              /s/ Ray Kent
                                                                Ray Kent
                                                                United States Magistrate Judge